UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WILSON FABIAN QUINTUNA-SARMIENTO, )
                                  )
              Petitioner,         )
                                  )
       v.                         )    No. 2:26-cv-00272-JRS-MKK
                                  )
BRISON SWEARINGEN,                )
FIELD OFFICE DIRECTOR, ERO CHICAGO )
FIELD OFFICE,                     )
TODD M. LYONS,                    )
MARKWAYNE MULLIN                  )
TODD BLANCHE,                     )
                                  )
              Respondents.        )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Wilson Fabian Quintuna-Sarmiento is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 31, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Quintuna-Sarmiento now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 14.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on May 6, 2026**, Respondents must either: (1) afford Mr. Quintuna-Sarmiento an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Quintuna-Sarmiento from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Quintuna-Sarmiento is a native of Ecuador who entered the United States without inspection approximately four to five years ago. Dkt. 1 at 1. On March 31, 2026, Mr. Quintuna-Sarmiento was in a vehicle that was stopped by Indiana State Troopers for speeding. Dkt. 8-1 at 8.

1

The Troopers contacted ICE, and an immigration officer issued an administrative warrant (Form I-200) that was served on Mr. Quintuna-Sarmiento. *Id*. at 6. Mr. Quintuna-Sarmiento was taken into ICE custody the next day. *Id..* at 5-6. The Department of Homeland Security initiated removal proceedings by serving Mr. Quintuna-Sarmiento with a Notice to Appear (Form I-862) on April 1, 2026. Dkt. 8-1 at 1.

The Notice to Appear charges Mr. Quintuna-Sarmiento with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 8-1 at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II.      Discussion

Mr. Quintuna-Sarmiento claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), the bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 at 12-14. Respondents argue that Mr. Quintuna-Sarmiento is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, as a result, the bond regulations do not apply; and that his detention is constitutional. Dkt. 8.

The Court finds that Mr. Quintuna-Sarmiento's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Quintuna-Sarmiento is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

3

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Quintuna-Sarmiento Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Quintuna-Sarmiento is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Quintuna-Sarmiento who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D.

Ind. January 23, 2026); *see also Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

Respondents here cite a number of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 8 at 9. Notably, Respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). *Id.* at 10-11 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

In contrast, after this matter was fully briefed, the Second Circuit decided *Barbosa da Cunha v. Freden*, No. 25-3141 (2nd Cir. Apr. 28, 2026), https://ww3.ca2.uscourts.gov/decisions/

OPN/25-3141_complete_opn.pdf (accessed Apr. 28, 2026), explicitly rejecting the government's argument and adopting the reasoning set forth in *Castañon-Nava*. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at 11.

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava* (and disagree with *Barbosa da Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*.[1] Because the cases cited by Respondents are not binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Mr. Quintuna-Sarmiento is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Quintuna-Sarmiento is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Quintuna-Sarmiento requests immediate release from custody. Dkt. 1 at 14. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 (2020) ("Habeas has traditionally been a means to secure release

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that."). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set forth above.

from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Quintuna-Sarmiento's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on May 6, 2026**, Respondents must either: (1) provide Mr. Quintuna-Sarmiento with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Quintuna-Sarmiento from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on May 8, 2026**, Respondents must file documentation certifying that they have provided Mr. Quintuna-Sarmiento with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 4/29/2026

_____

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel